Samuel J. Joseph, J.
The defendant was heretofore convicted by jury verdict of rape, first degree, and was sentenced by this court on September 22, 1953 to State prison for a term of 10 to 20 years, as a second offender. This judgment of conviction was unanimously affirmed on appeal (283 App. Div. 790, appeal dismissed 308 N. Y. 1008). The defendant has made numerous applications, since then, urging the vacation of the said judgment of conviction on various grounds, all of which have resulted in their denial m toto. The defendant renews his motion for such relief and in addition asks a dismissal of the indictment on the claim that he was deprived of his right to a speedy trial. It appears that at the time of the filing of the indictment against the defendant, on February 10, 1950, he was confined in a State prison in Michigan under a judgment imposed in that State. Upon his release from such imprisonment he was taken into custody by Bronx authorities and arrainged in this court on March 26, 1953 at which time a plea of not guilty was entered by him. The indictment thereafter appeared on the trial calendar and adjourned on four different dates until the case actually went to trial on May 21, 1953. Nowhere in the available record does it appear that the defendant moved for a dismissal of the indictment for want of a speedy trial in any of the proceedings had against him in this court. The claim of a denial of a speedy trial must be raised at the time of the trial and not years after, otherwise it is deemed waived (People v. Begue, 1 A D 2d 289; see, also, People v. White, 2 N Y 2d 220).
This motion is in all respects denied.